|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>PYFER LAW GROUP, LLC<br>Scott C. Pyfer, Esq.<br>20 Commerce Drive, Suite 135<br>Cranford, New Jersey 07016<br>Telephone: (908) 543-4025<br>Facsimile: (908) 264-0721<br>E-Mail: scott@pyferlawgroup.com<br>Attorneys for the Debtor |  |
| In Re:<br><br>TIMOTHY A. MULLIGAN,<br><br>   Debtor. | Case No. 22-14677 (VFP)<br><br>Chapter 13<br><br>Hearing Date: November 3, 2022 at 10 AM |

**CERTIFICATION IN OPPOSITION TO MOTION OF AMERIHOME MORTGAGE COMPANY LLC, FOR RELIEF FROM STAY AS TO THE DEBTOR'S RESIDENCE**

Timothy A. Mulligan certifies as follows:

1.   I am the Debtor in this Chapter 13 case. I have knowledge of the facts set forth in this Certification.

2.   This case was commenced on June 8, 2022 by the filing of a voluntary Chapter 13 bankruptcy petition (Doc. No. 1). The principal reason that I filed this case is because a Sheriff's sale was about to occur, of the single-family home at which I and my family reside, with a street address of 61 Tooker Avenue, Springfield, New Jersey 07081 (the "Property"). In Schedule "A" of my bankruptcy filing (Doc. No. 9), I estimated the market value of the Property as $500,000.

3.   The Property is subject to one mortgage, held by AmeriHome Mortgage Company LLC ("AmeriHome"), the movant with respect to this motion. AmeriHome's proof of claim

(Claim 6) sets forth that the amount due under that mortgage loan was $401,761.78 as of June 8, 2022. AmeriHome does not dispute that the value of the Property is $500,000.

4. According to AmeriHome's motion, as of July 1, 2022, my monthly mortgage loan payment is $2,794.62. However, as set forth in Part 4 of AmeriHome's proof of claim, that payment includes an escrow component of $1,067.11, which is based upon estimated real estate taxes and an annual homeowner's insurance premium for the Property. The proof of claim estimates the annual insurance premium as $3,314. However, I myself have obtained and am paying for homeowners' insurance coverage for the Property, for the policy period from September 18, 2022 to September 18, 2023, and the entire annual premium is $1,604.29. Earlier today, this information was provided to AmeriHome's attorneys. As a result, the escrow portion of my monthly mortgage loan payment should, for 2022-2023 at least, be reduced by approximately $276, because, divided by 12, AmeriHome's estimate of the annual insurance premium of $3,314, is $276.17. This would yield a monthly payment of $2,518.45. However, whether the monthly mortgage loan payment is as low as $2,518.45 or as high as $2,794,62, I am financially able to make those payments.

5. When I filed this case, my wife was unaware that the pre-petition arrearage portion of the amount due to AmeriHome is as large as it is. As a result, she refused to consent to making post-petition mortgage loan payments, until she had time to consider alternatives. She has now consented to my making post-petition mortgage loan payments. I respectfully propose that I be permitted to "catch up" on the four (4) overdue post-petition mortgage loan payments, by making one and ½ mortgage loan payments, starting in November, 2022, for eight (8) months. I have the financial ability to do so.

6. Now that my wife has agreed, I am prepared to submit to AmeriHome an application for a mortgage loan modification, as proposed in my Chapter 13 Plan (Doc. No. 10). I respectfully submit that the Plan, and the proposal to "catch up" on overdue post-petition mortgage loan payments, proposes sufficient "adequate protection" of AmeriHome's interest in the Property during the pendency of this case, under 11 U.S.C. § 361. As my attorney has explained to me, the Bankruptcy "Code does not expressly define adequate protection, but section 361 states that it may be provided by (1) periodic cash payments; (2) additional or replacement liens; or (3) other relief resulting in the 'indubitable equivalent' of the secured creditor's interest in such property. 11 U.S.C. § 361. The last possibility is regarded as a catch all, allowing courts discretion in fashioning the protection provided to a secured party." *Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.*, 351 F.3d 552, 564 (3d Cir. 1994)).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                       */s/ Timothy A. Mulligan*
                                       Timothy A. Mulligan

Dated: October 27, 2022