**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security     **0** Assumption of Executory Contract or Unexpired Lease     **0** Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Timothy A. Mulligan,**

Debtor(s)

Case No.: **22-14677 (VFP)**
Judge: **Papalia**

## CHAPTER 13 PLAN AND MOTIONS

☐ Original     ☑ Modified/Notice Required     Date: **June 15, 2023**
☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **SCP**     Initial Debtor: **TAM**     Initial Co-Debtor _____

1

### Part 1: Payment and Length of Plan

a. The debtor shall pay a total of **$725 per month** to the Chapter 13 Trustee, as described in Part 1(e), starting **July 1, 2023,** for **48** months, taking into account that the Debtor has paid to the Trustee, as of the date of this Third Amended Plan, $4,870.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☑ Loan modification with respect to mortgage encumbering property:
  Description: **The Debtor will seek to cure all pre-petition mortgage loan indebtedness by obtaining a mortgage loan modification, regarding the Debtor's residence, 51 Tooker Avenue, Springfield, New Jersey.**
  Proposed date for completion: **September 30, 2023**

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☑ Other information that may be important relating to the payment and length of plan:
**As the result of the filing of an amended proof of claim by the IRS, making income tax assessments with respect to the Debtor as of April 24, 2023, and including penalties and interest thereon, totaling $37,565, the Debtor proposes to pay that amount in 69 monthly installments of $450 each, giving credit to the Debtor for the Debtor's 2022 federal income tax return of $4,329, and applying $2,420 of the Debtor's Trustee payments totaling $4,870, for a net amount due to the IRS, with respect to assessments as of April 24, 2023, of $30,816. The first 48 of those payments will be made to the Trustee, and the remaining 21 payments will be made to the IRS directly. The Debtor's unsecured claims, totaling $12,160, including the unsecured portion of the claim of the IRS that was assessed before April 24, 2023, totaling $1,186, will be paid to the Trustee, $275 per month for 48 months. The monthly payments to be paid to the Trustee therefore total $725, for 48 months, starting July 1, 2023. The Debtor's attorney will be paid the balance of the Debtor's attorney's fees now due, $2,450, on confirmation of the Plan.**

### Part 2: Adequate Protection          ☐ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $2,728.80, or as otherwise agreed by the debtor and the mortgagee, to be paid directly by the debtor outside the Plan, pre-confirmation to the mortgagee, AmeriHome Mortgage Co. LLC (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scott C. Pyfer, Esq.** | **Attorney's Fees** | **$2,450** |
| | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| AmeriHome Mortgage Co. LLC | mortgage loan | $105,185 | 0% | $0 (loan mod proposed) | $2,728.80 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☑ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan ☑ NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan ☑ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

**Part 5:  Unsecured Claims          NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☑  Not less than __100__ percent

☐  *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

4

| Part 6:  Executory Contracts and Unexpired Leases | | X NONE | | |
|---|---|---|---|---|
| (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)  All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed: | | | | |
| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |

| Part 7:  Motions   X NONE |
|---|
| NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served. |

**a.  Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b**.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c**.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

5

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   - ☒ Upon Confirmation
   - ☐ Upon Discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution** The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) Other Administrative Claims
   3) Secured Claims
   4) Lease Arrearages
   5) Priority Claims
   6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification     ■ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **January 19, 2023.**

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The Plan is being modified to address the filing of an amended proof of claim by the IRS, on April 24, 2023, and to provide additional time to the Debtor to obtain a mortgage loan modification. | The Plan is being modified to change the monthly payment, as set forth in Section 1, necessary to accomplish full payment of all filed claims, and to provide additional time to the Debtor to obtain a mortgage loan modification. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☒ Explain here: The Debtor proposes to pay the IRS claim within 72 months from April 24, 2023, the date of assessment, as set forth in the amended proof of claim of the IRS that was filed on APril 17, 2023. As such, the Debtor proposes to pay the IRS in part through Trustee payments, which will end as of June, 2028, and then for 21 additional months, by payments directly to the IRS. It is possible that the IRS will be fully paid sooner, as a result of future income tax refunds that the Debtor anticipates becoming due, for tax years 2023 and thereafter.

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

| Date: | June 15, 2023 | /s/ Timothy A. Mulligan |
|---|---|---|
| | | **Timothy A. Mulligan** |
| | | Debtor |

| Date | June 15, 2023 | /s/ Scott C. Pyfer, Esq. |
|---|---|---|
| | | **Scott C. Pyfer, Esq.** |
| | | Attorney for the Debtor(s) |

United States Bankruptcy Court

District of New Jersey

In re:                                                                                          Case No. 22-14677-VFP

Timothy A Mulligan                                                                Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin          Page 1 of 3
Date Rcvd: Jun 20, 2023       Form ID: pdf901      Total Noticed: 21

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 22, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Timothy A Mulligan, 51 Tooker Avenue, Springfield, NJ 07081-1703 |
| 519655004 | + | Capital One, 1735 Morris Avenue, Union, NJ 07083-3551 |
| 519632850 | + | Center For Digestive Diseases, 695 Chestnut Street, Union, NJ 07083-7200 |
| 519667247 | | EMERG PHYS ASSOC N JERSEY, PC, PO BOX 1123, MINNEAPOLIS, MN 55440-1123 |
| 519655007 | ++ | JERSEY CENTRAL POWER AND LIGHT COMPANY, BUILDING 3, 331 NEWMAN SPRINGS ROAD, RED BANK NJ 07701-5688 address filed with court:, Jersey Central Power & Light Co., 300 Madison Avenue, Morristown, NJ 07960 |
| 519655009 | + | Leigh Mulligan, 51 Tooker Avenue, Springfield, NJ 07081-1703 |
| 519655011 | + | Wells Fargo, 281 Millburn Avenue, Millburn, NJ 07041-1753 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Jun 20 2023 23:08:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Jun 20 2023 23:08:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| cr | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jun 20 2023 23:07:00 | United States of America (Internal Revenue Service, U.S. Attorney's Office, 970 Broad Street, Suite 700, Newark, NJ 07102-2535 |
| cr | + | Email/PDF: gecsedi@recoverycorp.com | Jun 20 2023 23:17:58 | Synchrony Bank c/o PRA Receivables Management, LLC, PO BOX 41021, Norfolk, VA 23541-1021 |
| 519632849 | + | Email/Text: bankruptcycourtnotices@amerihome.com | Jun 20 2023 23:07:00 | AmeriHome Mortgage Company LLC, 1 Baxter Way, Suite 300, Thousand Oaks, CA 91362-3888 |
| 519674109 | | Email/Text: BKelectronicnotices@cenlar.com | Jun 20 2023 23:07:00 | Cenlar FSB Attn BK Dept, 425 Phillips Blvd, Ewing, NJ 08618 |
| 519667247 | | Email/Text: BNCnotices@dcmservices.com | Jun 20 2023 23:07:00 | EMERG PHYS ASSOC N JERSEY, PC, PO BOX 1123, MINNEAPOLIS, MN 55440-1123 |
| 519632852 | ^ | MEBN | Jun 20 2023 23:00:54 | KML Law Group P.C., 701 Market Street, Suite 5000, Philadelphia, PA 19106-1541 |
| 519679736 | | Email/PDF: resurgentbknotifications@resurgent.com | Jun 20 2023 23:18:22 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 519644494 | + | Email/Text: bankruptcydpt@mcmcg.com | Jun 20 2023 23:08:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 519683473 | | Email/Text: bankruptcy@ncaks.com | Jun 20 2023 23:06:00 | National Credit Adjusters, LLC, Attn: Bankruptcy Department, P.O. Box 3023 Hutchinson, KS. 67504 |

| Recip ID | Notice Type | Date/Time | Name and Address |
|---|---|---|---|
| 519655010 | + Email/Text: bnc-quantum@quantum3group.com | Jun 20 2023 23:08:00 | Quantum3 Group LLC, P.O. Box 788, Kirkland, WA 98083-0788 |
| 519648552 | Email/Text: bnc-quantum@quantum3group.com | Jun 20 2023 23:08:00 | Quantum3 Group LLC as agent for, Credit Corp Solutions Inc, PO Box 788, Kirkland, WA 98083-0788 |
| 519635077 | + Email/PDF: gecsedi@recoverycorp.com | Jun 20 2023 23:05:19 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 519669535 | Email/PDF: ais.wellsfargo.ebn@aisinfo.com | Jun 21 2023 00:06:57 | Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |

TOTAL: 15

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 519655003 | *+ | AmeriHome Mortgage Company LLC, 1 Baxter Way, Suite 300, Thousand Oaks, CA 91362-3888 |
| 519655005 | *+ | Center For Digestive Diseases, 695 Chestnut Street, Union, NJ 07083-7200 |
| 519632851 | * | Internal Revenue Service, Centralized Insolvency Operations, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 519655006 | * | Internal Revenue Service, Centralized Insolvency Operations, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 519655008 | *+ | KML Law Group P.C., 701 Market Street, Suite 5000, Philadelphia, PA 19106-1541 |

TOTAL: 0 Undeliverable, 5 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 22, 2023       Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 15, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor AMERIHOME MORTGAGE COMPANY LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor AmeriHome Mortgage Company LLC unless in NH, RI, ME or Orleans Parish, LA, then use Federal Home Loan Mortgage Corporation dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Eamonn O'Hagan | on behalf of Creditor United States of America (Internal Revenue Service) eamonn.ohagan@usdoj.gov |
| Marie-Ann Greenberg | magecf@magtrustee.com |
| Scott C. Pyfer | on behalf of Debtor Timothy A Mulligan scott@pyferlawgroup.com scottpyfer@gmail.com;pyfersr87748@notify.bestcase.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

District/off: 0312-2 | User: admin | Page 3 of 3
Date Rcvd: Jun 20, 2023 | Form ID: pdf901 | Total Noticed: 21

TOTAL: 6